IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Nina Y. Wang

Civil Action No. 23-cv-01533-NYW-MDB

JACOB ANDREW HERRINGTON,

    Plaintiff,

v.

EL PASO COUNTY SHERIFF'S OFFICE,
LT. SEITER,
SARGRENT PALM,
JOHN DOE #1,
JOHN DOE #2,
JOHN DOE #3, and
DAVID GRIFFITH,

    Defendants.

## ORDER ADOPTING MAGISTRATE JUDGE'S RECOMMENDATION

This matter is before the Court on the Order and Recommendation of United States Magistrate Judge, which was issued by the Honorable Maritza Dominguez Braswell on February 3, 2025. [Doc. 126]. Judge Dominguez Braswell recommends that the El Paso County Defendants' Motion to Dismiss Plaintiff's Second Amended Complaint Pursuant to Fed. R. Civ. P. 12(b)(6) (the "Motion to Dismiss"), [Doc. 61], be denied without prejudice to permit Plaintiff additional time to file a motion to amend, and she further recommends that Plaintiff be granted 60 days to file a motion to amend, [Doc. 126 at 4–5].

The El Paso County Defendants—the El Paso County Sheriff's Office, Lieutenant Joshua Seiter, Lieutenant Aaron Palm, and Deputy David Griffith ("Defendants")—have filed a limited objection to Judge Dominguez Braswell's Recommendation. Plaintiff has

not objected to the Recommendation,[1] and the Court concludes that it can rule on Defendants' objection without awaiting a response from Plaintiff.  *Cf.* D.C.COLO.LCivR 7.1(d).  For the reasons set forth in this Order, Defendants' objection is respectfully **OVERRULED** and the Recommendation is **ADOPTED as modified**.

## LEGAL STANDARDS

### I. Rule 72(b)

A district court may refer a dispositive motion to a magistrate judge for recommendation.  28 U.S.C. § 636(b)(1)(B).  The district court "must determine de novo any part of the magistrate judge's disposition that has been properly objected to."  Fed. R. Civ. P. 72(b)(3).  "[A] party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review."  *United States v. One Parcel of Real Prop.*, 73 F.3d 1057, 1060 (10th Cir. 1996).  Such specific objections permit "the district judge to focus attention on those issues—factual and legal—that are at the heart of the parties' dispute."  *Id.* at 1059 (quotation omitted).

---

[1] In Plaintiff's Objection to Defendant's Motion for Extension of Time, [Doc. 137, filed February 27, 2025], Plaintiff states that his deadline to file written objections to Judge Dominguez Braswell's Recommendation was not until February 25, 2025 because he did not receive the Recommendation until February 11, 2025.  *See* [Doc.137 at 4–5].  The Court respectfully finds Plaintiff's position to be mistaken.  Under Rule 5, service through mail is considered "complete upon mailing." Fed. R. Civ. P. 5(b)(2)(C); *see also Kriegman v. Mirrow*, No. 15-cv-01542-PAB-NRN, 2021 WL 5957417, at *3 (D. Colo. Dec. 16, 2021) (explaining that the 14-day objection period begins to run when the court order is mailed)].  Accordingly, the deadline to object was originally February 18, 2025—14 days after the Clerk of Court mailed the Recommendation, plus one extra day to account for the federal holiday on February 17, 2025, *see* Fed. R. Civ. P. 6(a)(1)(C)—until the Court extended the deadline to February 21, 2025, *see* [Doc. 133].

## II. Pro Se Filings

Because Plaintiff proceeds pro se, the Court affords his filings a liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972) (per curiam). But the Court cannot and does not act as his advocate, *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991), and applies the same procedural rules and substantive law to Plaintiff as to represented parties, *see Murray v. City of Tahlequah*, 312 F.3d 1196, 1199 n.3 (10th Cir. 2002); *Dodson v. Bd. of Cnty. Comm'rs*, 878 F. Supp. 2d 1227, 1235–36 (D. Colo. 2012).

## BACKGROUND

Judge Dominguez Braswell recites in detail the relevant factual and procedural history of this case, *see* [Doc. 126 at 2–4], and the Court repeats it here only as necessary to resolve Defendants' objection. Plaintiff Jacob Andrew Herrington ("Plaintiff" or "Mr. Herrington") initiated this civil action on June 16, 2023, asserting claims arising out of his pretrial detention. [Doc. 2 at 7–23]. Plaintiff filed his Second Amended Complaint, the operative pleading in this action, on April 23, 2024. [Doc. 38]. As explained by Judge Dominguez Braswell, "[s]ince drawn from initial review in February 2024, this case has been beset by delays, extension requests, and difficulties communicating with Plaintiff due to frequent facility transfers by CDOC." [Doc. 126 at 2 (citation omitted)].

Relevant here, Defendants filed their Motion to Dismiss on August 5, 2024. [Doc. 61]. Mr. Herrington requested, and was granted, several extensions of time to respond to the Motion to Dismiss due to his transfers between different prison facilities. *See* [Doc. 64; Doc. 67; Doc. 69; Doc. 74; Doc. 76; Doc. 78; Doc. 81; Doc. 86; Doc. 88; Doc. 92]. Judge Dominguez Braswell held a telephonic Status Conference on December 18, 2024, at which time Plaintiff expressed his desire to amend his Second Amended Complaint to

3

identify the Doe Defendants. See [Doc. 108]. Judge Dominguez Braswell ordered Defendants to provide Plaintiff certain jail shift logs to permit Plaintiff to identify the Doe Defendants. [*Id.*]. Additional delays and facility transfers resulted in Plaintiff not receiving the shift logs produced by Defendants. See generally [Doc. 120]. In addition, in Plaintiff's Response to the Motion to Dismiss, he maintains his request to amend his Second Amended Complaint. [Doc. 123 at 1].

Given these procedural difficulties, Judge Dominguez Braswell issued a Recommendation on February 3, 2025, recommending that this Court deny the Motion to Dismiss without prejudice and that the Court permit Plaintiff a 60-day period to file a motion to amend his Second Amended Complaint, with a warning to Plaintiff that the failure to file a timely motion to amend would result in the dismissal of this case for failure to prosecute. [Doc. 126 at 4–5].

On February 12, 2025, Plaintiff filed a Motion to Amend Complaint (Second Amendment) (the "Motion to Amend"). [Doc. 129]. Attached to Plaintiff's Motion to Amend is a proposed amended complaint, which adds a number of new proposed defendants and claims. See generally [Doc. 129-1]. The envelope accompanying the Motion to Amend and proposed amended complaint indicates that the Motion to Amend was given to prison officials on February 6, 2025. [Doc. 129 at 2]. In other words, it appears that Plaintiff mailed his Motion to Amend to the Court prior to receiving Judge Dominguez Braswell's Recommendation.

Defendants object to the Recommendation, but only insofar as Judge Dominguez Braswell recommends that the Court grant Plaintiff an additional 60 days to file a motion to amend. See [Doc. 135 at 5–6]. Defendants contend that because Plaintiff has since

4

filed his Motion to Amend, there is no need to give him additional time to file a motion that he has already filed. [*Id.*]. Defendants do not object to Judge Dominguez Braswell's recommendation that the Motion to Dismiss be denied without prejudice. See [*id.*].

## ANALYSIS

The Court understands Defendants' contention—that because Plaintiff has filed his Motion to Amend, and given the delays already abundant in this case, there is no need to provide Plaintiff additional time to file a new motion to amend. However, the Court respectfully disagrees with Defendants' assertion that the Recommendation is "moot" in light of Plaintiff's Motion to Amend. See [*id.* at 5]. While Plaintiff may no longer need additional time to file a motion to amend, Judge Dominguez Braswell's Recommendation, which recommends denying the Motion to Dismiss without prejudice and providing Plaintiff certain advisements about this case, still contains important issues to be addressed. Plaintiff's filing of the Motion to Amend does not moot those issues. Accordingly, Defendants' objection is respectfully **OVERRULED**.

The Court finds that Judge Dominguez Braswell's Recommendation sets out a well-reasoned approach to facilitate the progression of this case. Accordingly, the Court will **ADOPT** the Recommendation, with one minor modification. Because Plaintiff has filed his Motion to Amend, the Court agrees with Defendants that there is no need to permit Plaintiff additional time to move to amend his Second Amended Complaint. Accordingly, Plaintiff's Motion to Amend [Doc. 129] is **ACCEPTED AS FILED**. <u>**In other words, Plaintiff need not, and should not, file any other motions to amend.**</u> And because Plaintiff has moved to amend, the Court will **DENY** the Motion to Dismiss **without prejudice**.

5

## CONCLUSION

For the above reasons, **IT IS ORDERED** that:

(1)   Defendants' Objection to the Order and Recommendation of United States Magistrate Judge [Doc. 135] is **OVERRULED**;

(2)   The Order and Recommendation of United States Magistrate Judge [Doc. 126] is **ADOPTED as modified**;

(3)   Defendants' Motion to Dismiss Plaintiff's Second Amended Complaint Pursuant to Fed. R. Civ. P. 12(b)(6) [Doc. 61] is **DENIED without prejudice**;

(4)   Plaintiff's Motion to Amend Complaint (Second Amendment) [Doc. 129] is **ACCEPTED AS FILED**;

(5)   The Court sua sponte **EXTENDS** Defendants' deadline to respond to the Motion to Amend to **March 19, 2025**;

(6)   Plaintiff shall file any reply in support of his Motion to Amend on or before **April 9, 2025**;

(7)   Plaintiff is **ADVISED** that, given the delays in this case and the numerous extensions of deadlines granted to Plaintiff thus far, **his reply deadline will not be extended absent extraordinary circumstances**; and

(8) The Clerk of Court shall mail a copy of this Order to:

Jacob Andrew Herrington, #197593
Centennial Correctional Facility
P.O. Box 600
Canon City, CO 81215

DATED: March 3, 2025

BY THE COURT:

_____
Nina Y. Wang
United States District Judge