IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Nina Y. Wang

Civil Action No. 23-cv-01533-NYW-MDB

JACOB HERRINGTON,

    Plaintiff,

v.

EL PASO COUNTY SHERIFF'S OFFICE,
SEITER,
PALM,
JOHN DOES 1–3, and
DAVID GRIFFITH,

    Defendants.

---

## ORDER ON MAGISTRATE JUDGE'S RECOMMENDATION

---

This matter is before the Court on the Recommendation of United States Magistrate Judge issued on July 1, 2025 by the Honorable Maritza Dominguez Braswell. [Doc. 161]. On February 12, 2025, Plaintiff Jacob Herrington ("Plaintiff" or "Mr. Herrington") filed a Motion to Amend Complaint. [Doc. 129]. Judge Dominguez Braswell recommends that the Motion to Amend be granted in part and denied in part. [Doc. 161 at 1]. Specifically, she recommends that the Motion be denied to the extent it seeks to maintain John Doe #2 as a defendant and add Jane Doe #1 as a defendant, based on Plaintiff's failure to identify those individuals after Defendants produced shift logs to Plaintiff. [*Id.* at 8–9]. She also recommends that the Motion be denied to the extent it seeks to add the "El Paso County Sheriff's Deputies Collectively" as a defendant, reasoning that "[t]he El Paso County Sheriff's Deputies Collectively is not an entity that

can be sued" and the El Paso County Sheriff's Office "is already a Defendant in this action, and the individual Defendants are sued in their official capacity." [*Id.* at 9]. She recommends that the remainder of the Motion to Amend be granted. *See* [*id.* at 5–8].

Plaintiff objects to the Recommendation to the extent it recommends that the Court deny Plaintiff's request to maintain John Doe #2 as a defendant and add Jane Doe #1 as a defendant. [Doc. 169 at 6]. Mr. Herrington argues in pertinent part that Defendants failed to produce the correct and relevant shift logs to permit him to identify these individuals. [*Id.* at 2].

On September 2, 2025, the El Paso County Defendants filed a "Supplemental Notice of Lodging." [Doc. 174]. Therein, they explain that they originally produced shift logs to Plaintiff covering dates in November and December 2022. [*Id.* at 2]. However, after reviewing Plaintiff's proposed Third Amended Complaint, they realized that Plaintiff "now asserts the incident of November 11th occurred in 2021." [*Id.*]. Counsel reviewed relevant shift logs for November 11, 2021 and "discovered that an event similar to what Plaintiff describes in his Third Amended Complaint occurred on November 10, 2021, rather than November 11, 2021." [*Id.*]. The El Paso County Defendants state that they "are disclosing the shift logs for November 10–11, 2021, as well as a copy of the incident report from November 10, 2021." [*Id.* at 2–3]. They also state that given these disclosure issues, they "do not object to Plaintiff being allowed, based on the newly disclosed shift logs, to identify John Doe #1 and Jane Doe #2 as part of his Third Amended Complaint." [*Id.* at 3].

Insofar as Plaintiff argues that he should be permitted to include John Doe #2 and Jane Doe #1 in his Third Amended Complaint, Plaintiff's argument is well-taken. Based

on the new information provided to the Court by the El Paso County Defendants on September 2, 2025, the Court finds that Plaintiff did not have a reasonable opportunity to identify these individuals in his proposed Third Amended Complaint. The Court notes that this information was not available to Judge Dominguez Braswell at the time she issued her Recommendation, and the Court finds no error in her analysis based on the information she had at the time. However, based on the change of circumstances reflected in the Supplemental Notice of Lodging, [Doc. 174], the Court finds that Plaintiff should be permitted to maintain his causes of action against John Doe #2 and Jane Doe #1.

Furthermore, to the extent that Judge Dominguez Braswell recommends that the Motion to Amend be denied to the extent it seeks to add the "El Paso County Sheriff's Deputies Collectively" as a defendant, or that the remainder of the Motion to Amend be granted, no Party has objected to these portions of the Recommendation. In the absence of an objection, the district court may review a magistrate judge's recommendation under any standard it deems appropriate. *See Summers v. Utah*, 927 F.2d 1165, 1167 (10th Cir. 1991); *see also Thomas v. Arn*, 474 U.S. 140, 150 (1985) ("It does not appear that Congress intended to require district court review of a [magistrate judge's] factual or legal conclusions, under a *de novo* or any other standard, when neither party objects to those findings."). This Court has reviewed the Recommendation to satisfy itself that there is "no clear error on the face of the record."[1] Fed. R. Civ. P. 72(b), advisory committee's note to 1983 amendment. Based on this review, the Court concludes that these portions of

---

[1] This standard of review is something less than a "clearly erroneous or . . . contrary to law" standard of review, Fed. R. Civ. P. 72(a), which in turn is less than a de novo review, Fed. R. Civ. P. 72(b).

3

the Recommendation are thorough, well-reasoned, and correctly apply the law to the facts.

Accordingly, the Motion to Amend is **GRANTED in part** and **DENIED in part**. It is **DENIED** to the extent it attempts to add the "El Paso County Sheriff's Deputies Collectively" as a defendant. It is **GRANTED** in all other respects. The Clerk of Court is directed to docket Plaintiff's proposed Third Amended Complaint [Doc. 129-1] as a separate docket entry.[2]

Accordingly, it is **ORDERED** that:

(1) The Recommendation of United States Magistrate Judge Maritza Dominguez Braswell [Doc. 166] is **ADOPTED in part**;

(2) Plaintiff's objections [Doc. 161] are **SUSTAINED**, based on new information that was not before Judge Dominguez Braswell at the time of her Recommendation;

(3) The Motion to Amend Complaint [Doc. 129] is **GRANTED in part** and **DENIED in part**;

(4) The Clerk of Court shall docket Plaintiff's proposed Third Amended Complaint [Doc. 129-1] as a separate docket entry; and

---

[2] Given Plaintiff's pro se incarcerated status, the Court does not find it prudent to require Plaintiff to file a copy of his proposed Third Amended Complaint that omits the "El Paso County Sheriff's Deputies Collectively" as a party. **Accordingly, all Parties are ADVISED that the "El Paso County Sheriff's Deputies Collectively" is not a named party in this case and any claims against the "El Paso County Sheriff's Deputies Collectively" contemplated in the Third Amended Complaint are not active claims in this case.**

4

  (5) A copy of this Order shall be mailed to:

    Jacob Andrew Herrington, #197593
    Fremont Correctional Facility
    P.O. Box 999
    Canon City, CO 81215-0999

DATED:  September 12, 2025    BY THE COURT:

               _____
               Nina Y. Wang
               United States District Judge